## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE HOLLIN, Derivatively on Behalf of LINCOLN NATIONAL CORPORATION,<br><br>    Plaintiff,<br> vs.<br><br>ELLEN G. COOPER, DENNIS R. GLASS, RANDAL J. FREITAG, DEIRDRE P. CONNELLY, WILLIAM H. CUNNINGHAM, REGINALD E. DAVIS, ERIC G. JOHNSON, GARY C. KELLY, M. LEANNE LACHMAN, DALE LEFEVVRE, JANET LIANG, MICHAEL F. MEE, LYNN M. UTTER, and PATRICK S. PITTARD<br><br>    Defendants,<br> -and-<br><br>LINCOLN NATIONAL CORPORATION<br><br>    Nominal Defendant. | Civil Action No.: 2:24-cv-02713 |
| ROBERT R. WIERSUM, Derivatively on LINCOLN NATIONAL CORPORATION,<br><br>    Plaintiff,<br> vs.<br><br>ELLEN G. COOPER, DENNIS R. GLASS, RANDAL J. FREITAG, DEIRDRE P. CONNELLY, WILLIAM H. CUNNINGHAM, REGINALD E. DAVIS, ERIC G. JOHNSON, GARY C. KELLY, M. LEANNE LACHMAN, DALE LEFEBVRE, JANET LIANG, MICHAEL F. MEE, LYNN M. UTTER, and PATRICK S. PITTARD,<br><br>    Defendants,<br> -and-<br><br>LINCOLN NATIONAL CORPORATION,<br><br>    Nominal Defendant. | Civil Action No.: 2:24-cv-03251 |

**STIPULATION AND ORDER CONSOLIDATING CASES, APPOINTING CO-LEAD COUNSEL, STAYING PROCEEDINGS AND RELATED MATTERS**

WHEREAS, on June 20, 2024 and July 23, 2024, stockholders Lawrence Hollin ("Hollin") and Robert R. Wiersum ("Wiersum") (collectively, "Plaintiffs"), respectively, filed verified shareholder derivative complaints in the United States District Court for the Eastern District of Pennsylvania, (the "Related Derivative Actions") against defendants Ellen G. Cooper, Dennis R. Glass, Randal J. Freitag, Deirdre P. Connelly, William H. Cunningham, Reginald E. Davis, Eric G. Johnson, Gary C. Kelly, M. Leanne Lachman, Dale LeFebvre, Janet Liang, Michael F. Mee, Lynn M. Utter, Patrick S. Pittard (the "Individual Defendants"), and Lincoln National Corporation ("Lincoln National" or the "Nominal Defendant," and together with the Individual Defendants, "Defendants");

WHEREAS, Defendants agree to accept service on behalf of any Defendant who has not yet been served;

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct by the same Company directors and executive officers, involve substantially similar questions of law and fact, and involve overlapping factual allegations, and agree that the administration of justice would be best served by consolidating the Related Derivative Actions;

WHEREAS, the Parties agree that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action (hereinafter referred to as the "Consolidated Derivative Action") in order to avoid duplication of effort and potentially conflicting results, and to conserve party and judicial resources;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A. and Gainey McKenna & Egleston, the respective resumes of which are attached hereto as Exhibits A and B, shall be designated as Co-Lead Counsel, and the Grabar Law Office and Donovan Litigation Group, LLC shall be designated as Liaison Counsel, for plaintiffs in the Consolidated Derivative Action;

WHEREAS, without waiving any rights, arguments or defenses, Defendants agree that the Related Derivative Actions should be consolidated and take no position regarding the appointment of Co-Lead Counsel or Liaison Counsel for plaintiffs;

WHEREAS, an earlier-filed and substantially similar putative securities class action is pending in the United States District Court for the Eastern District of Pennsylvania, captioned *Donald C. Meade, Individually and on Behalf of All Others Similarly Situated, v. Lincoln National Corporation, Ellen Cooper, Dennis Glass, and Randal Freitag*, 2:24-cv-01704-JFM (the "Securities Class Action"), against Lincoln and certain of the Individual Defendants, alleging violations of the Securities Exchange Act of 1934 based on substantially the same facts and circumstances at issue in the Related Derivative Actions;

WHEREAS, a motion for the appointment of lead plaintiff and lead counsel in the Securities Class Action is pending, and while lead plaintiff in that action may amend the complaint, defendants intend to file a motion to dismiss the complaint filed in that lawsuit;

WHEREAS, because the Securities Class Action has significant overlap with the facts and circumstances alleged in the Related Derivative Actions, the outcome of the anticipated motion to dismiss the Securities Class Action may be informative and relevant to the litigation of the Related Derivative Actions;

WHEREAS, in light of the above and the similarities between the earlier-filed Securities Class Action and the Related Derivative Actions, the Parties have conferred and agree that efforts should be made to work cooperatively in order to conserve the Court's and the Parties' resources and promote just and efficient case management;

WHEREAS, the Parties agree that all proceedings and deadlines in the Related Derivative Actions matter, including discovery and the Individual Defendants' and Lincoln's obligation to move, answer, or respond to the Complaint, should be voluntarily stayed pending resolution of the motion to dismiss in the Securities Class Action; and

WHEREAS, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the Parties through their undersigned counsel, and upon approval and entry by the Court, it shall be ORDERED, as follows:

1. To the extent they have not already been served, the Defendants accept service of the complaints in the Related Derivative Actions.

2. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings, trial, and appeal under Master File No. 2:24-cv-02713 (the "Consolidated Derivative Action").

3. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

| | |
|---|---|
| IN RE LINCOLN NATIONAL CORPORATION STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: 2:24-cv-02713 |
| THIS DOCUMENT RELATES TO: | |

4. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Master File No. 2:24-cv-02713.

5. The following law firms are designated Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action:

RIGRODSKY LAW, P.A.
Timothy J. MacFall
Samir Aougab
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com
Email: sa@rl-legal.com

GAINEY McKENNA & EGLESTON
Thomas J. McKenna
Gregory M. Egleston
260 Madison Avenue, 22nd Fl
New York, NY 10016
Telephone: (212) 983-1300
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

6. Co-Lead Counsel, in consultation with Liaison Counsel, shall represent Plaintiffs in the prosecution of the Consolidated Derivative Action, determine and present to the Court and opposing parties Plaintiffs' position on all matters arising during pretrial negotiations, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the Plaintiffs the initiation and conduct of

discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, in consultation with Liaison Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Derivative Action.

7. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. The following law firms are designated as Plaintiffs' Liaison Counsel in this Consolidated Derivative Action:

> GRABAR LAW OFFICE
> Joshua H. Grabar
> One Liberty Place
> 1650 Market Street, Suite 3600
> Philadelphia, PA 19103
> Telephone: (617) 314-6600
> Email: jgrabar@grabarlaw.com
>
> DONOVAN LITIGATION GROUP, LLC
> Michael D. Donovan
> 1885 Swedesford Road
> Malvern, PA 19355
> Telephone: (610) 647-6067
> Email: mdonovan@donovanlitigationgroup.com

9. Plaintiffs' Liaison Counsel shall perform all tasks expected of Pennsylvania counsel and shall be primarily responsible for communications between Plaintiffs and the Court, and Plaintiffs' filings with the Court.

10. This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action that is

subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Lincoln National Corporation Stockholder Derivative Litigation*, Master File No. 2:24-cv-02713, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of the Consolidated Derivative Action, and counsel for the Parties are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving Lincoln National concerning the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, which actions shall be consolidated into the Consolidated Derivative Action.

11. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action.

12. All proceedings and deadlines in this matter, including the filing of pleadings, motion practice, and any discovery, shall be stayed until thirty (30) days after resolution of all motions to dismiss (including the exhaustion of all related appeals) in the Securities Class Action.

13. If this stipulated stay is terminated, the Parties shall meet and confer and within thirty (30) days submit a proposed scheduling order governing any further proceedings in the Consolidated Derivative Action, including the date by which the Plaintiffs will file a consolidated or amended consolidated Complaint and which the Individual Defendants and Lincoln National

must answer, move or otherwise respond to the amended or consolidated amended complaint filed in the Consolidated Derivative Action.

14. This stipulation is without prejudice to the right of the Parties to raise any and all claims, arguments, objections or defenses concerning the claims raised in the Consolidated Derivative Action.

15. Defendants shall promptly notify counsel for Plaintiffs of any additional related derivative lawsuits filed in any forum of which they become aware, or if any threatened shareholder derivative action, litigation demands, or books and records demand pursuant to Indiana Code § 23-1-52-2, arising from substantially similar or the same facts as alleged in the Consolidated Derivative Action, is made ("Additional Related Derivative Action").

16. If an Additional Related Derivative Action is not stayed for a similar or longer duration as the Consolidated Derivative Action, Plaintiffs shall have the option to terminate the stay within twenty-one (21) days after giving notice to counsel for Defendants via email and filing such notice with the Court.

17. During the pendency of this stay, if Defendants produce documents to plaintiffs or the shareholders in an Additional Related Derivative Action, then Defendants shall provide a copy of such production to Plaintiffs' counsel within twenty-one (21) business days of such production, subject to the execution by Plaintiffs of a reasonable confidentiality agreement governing the use and disclosure of these materials, including the incorporation of any such materials in an amended complaint that Plaintiffs may file in the Consolidated Derivative Action.

18. During the pendency of this stay, Defendants shall provide Plaintiffs with reasonable advance notice of and shall invite Plaintiffs to participate in any mediation or formal settlement talks with plaintiff(s) in any Additional Related Derivative Action.

19. During the pendency of this stay, Defendants shall provide Plaintiffs with reasonable advance notice of any mediation with the lead plaintiff in the Securities Class Action and shall request that Plaintiffs be included in any such mediation, to the extent practicable. In the event that Plaintiffs are unable to participate in the mediation with the Securities Class Action, Defendants agree to engage in a mediation with Plaintiffs as soon thereafter as is practicable.

20. Notwithstanding the pendency of the stay, Plaintiffs may file an amended or consolidated amended complaint, although the Individual Defendants and Lincoln are under no obligation to respond to the amended or consolidated amended complaint in this matter during the pendency of the stay.

21. This stipulation is without waiver or prejudice to any and all defenses claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

IT IS hereby STIPULATED and AGREED by and among the undersigned counsel.

By: /s/ *Joshua H. Grabar*
Joshua H. Grabar (PA ID: 82525)
GRABAR LAW OFFICE
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(267) 507-6085
jgrabar@grabarlaw.com

Timothy J. MacFall
Samir Aougab
RIGRODSKY LAW, P.A.
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
tjm@rl-legal.com

By: /s/ *Timothy D. Katsiff*
Timothy D. Katsiff (PA ID: 75490)
Victoria L. Andrews (PA ID: 321143)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
(215) 988-2700
tim.katsiff@faegredrinker.com
victoria.andrews@faegredrinker.com

Paul A. Wolfla (Pro Hac Vice Forthcoming)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
(317) 237-1241
paul.wolfla@faegredrinker.com

sa@rl-legal.com

*Counsel for Plaintiff Lawrence Hollin and [Proposed] Co-Lead Counsel for Plaintiffs*

By: /s/ *Michael D. Donovan*
Michael D. Donovan (PA ID 51895)
DONOVAN LITIGATION GROUP, LLC
1885 Swedesford Road
Malvern, PA 19355
Tel: (610) 647-6067
Email: mdonovan@donovanlitigationgroup.com

*Counsel for Plaintiff Robert R. Wiersum and [Proposed] Liaison Counsel for Plaintiffs*

GAINEY McKENNA & EGLESTON
Thomas J. McKenna
Gregory M. Egleston
260 Madison Avenue, 22nd Fl
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0380
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Counsel for Plaintiff Robert R. Wiersum and [Proposed] Co-Lead Counsel for Plaintiffs*

Dated: August 20, 2024

Alex G. Romain (Pro Hac Vice Forthcoming)
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
(213) 239-5100
aromain@jenner.com

Howard S. Suskin (Pro Hac Vice Forthcoming)
Lillian McGuire (Pro Hac Vice Forthcoming)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
hsuskin@jenner.com
lmcguire@jenner.com

Andrew J. Lichtman (Pro Hac Vice Forthcoming)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York 10036-2711
(212) 891-1600
alichtman@jenner.com

*Counsel for the Individual Defendants and Nominal Defendant Lincoln National Corporation*

**IT IS SO ORDERED** this 26th day of September, 2024.

                                                        JOHN F. MURPHY
                                                       UNITED STATES DISTRICT JUDGE